200 So.2d 335 (1967)
Clement J. DUFAU
v.
PARISH OF JEFFERSON et al.
No. 2679.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1967.
Rehearing Denied July 5, 1967.
*336 Price & Francipane, Roy L. Price, Metairie, for plaintiff-appellee.
Cronvich, Ciaccio & Wambsgans, Anthony W. Wambsgans, Metairie, for Douglas F. Block and John C. Wagner, intervenors-appellees.
Robert I. Broussard, Gretna, for defendants-appellants.
Before REGAN, YARRUT and BARNETTE, JJ.
YARRUT, Judge.
The sole issue here is one of law, to-wit, whether Ordinance No. 7530, a zoning reclassification, adopted by the Jefferson Parish Council on January 27, 1966, is invalid regarding the properties of Plaintiff and Intervenors (Appellees) as was held by the District Court. The facts are not in dispute and are:
Square 42 of Section "C," Pontchartrain Gardens Subdivision, bounded by West Esplanade Avenue, Clearview Parkway, Fairfield Street and Lime Street, contains thirty-two 50-foot lots with depths varying from approximately 130 feet to approximately 155 feet. On January 28, 1960 this Square was zoned Commercial by Ordinance No. 4428, adopted by the Jefferson Parish Council on that date, amending the Comprehensive Zoning Ordinance. Following this zoning classification, thirteen of the thirty-two lots were actually used for commercial purposes, including a sheet metal shop, a glass and mirror works, a piledriving operation and T. L. James' field concrete plant.
On January 27, 1966 the Jefferson Parish Council adopted Ordinance No. 7530 which again amended the zoning ordinance and made all of Square 42 of Section "C," R-1 Residential, notwithstanding the property had been classified Commercial since 1960, and that a large percentage of the Square was being used for commercial purposes.
Before considering the merits of the case, we must first consider the Defendants' exceptions of no right of action and the plea of prematurity, based upon the failure of Appellees to petition the Jefferson Parish Council to reconsider their rezoning classification before resorting to the courts, citing State ex rel. Bert Leasing Corp. v. Donelon, La.App., 173 So.2d 24. However, in the cited case the appeal was from the refusal of the Safety Director to issue a building permit, and did not involve the validity of an ordinance of the Jefferson Parish Council after a full hearing was held by the Council.
The applicable zoning ordinance relied on in the cited case provided for two stages of appeal from a decision by the Safety Director: first, to the Zoning Appeals Board; and second, to the District Court of the Parish of Jefferson. Although the present *337 zoning ordinance does provide one method for property owners to petition the Jefferson Parish Council to change a zoning ordinance, it does not make this procedure a necessary preliminary before resort to the courts.
Further, Appellees contend these exceptions are invalid because, to require them to petition the Jefferson Parish Council for a hearing of their complaint would require them to perform a vain and useless act, since the amendment complained of was adopted by the Jefferson Parish Council after a series of public hearings, at which they appeared and voiced their opposition, despite which their property was reclassified. We agree with this contention.
Appellees further contend the Jefferson Parish Council's action in reclassifying their property was completely arbitrary and capricious, and without due regard for the existing commercial structures located on Square 42; and should the zoning amendment be allowed to stand, the remaining lots, not yet developed in this Square, would be restricted to single-family residences surrounded by commercial activity.
Appellees do not challenge the right of the Parish of Jefferson, or any governing authority, to adopt zoning ordinances as a valid exercise of its police power; but do question the fact that any zoning ordinance or amendment must be reasonable and must not be discriminatory, citing State ex rel. Dema Realty Co. v. McDonald, 168 La. 172, 121 So. 613, in which the Supreme Court of Louisiana held zoning ordinances would be upheld unless found to be plainly unreasonable; and also 51 A.L.R.2d 311, citing a case holding:
"Thus, where the plaintiffs' lot, which was restricted to residential purposes, was completely surrounded by nonresidential property, the court in Reynolds v. Barrett (1938) 12 Cal.2d 244, 83 P.2d 29, held that as to this lot the zoning ordinance was arbitrary and discriminatory, the court pointing out that obviously the property was valueless for a single-family residence, and that while that fact was not by itself conclusive, yet when it also appeared that the property was at no point adjacent to residential property so that its use for business purposes would not at all adversely affect residential property, its use for business purposes should be permitted. The court stated that a city could not, by a zoning ordinance, unfairly discriminate against a particular parcel of land; that even if the general scheme of zoning was sound and valid, nevertheless the court could properly inquire as to whether the scheme of classification and districting had been applied fairly and impartially in each instance; and that obviously a city purporting to act under its police power could not create a business district, and entirely within it create an `island' of one lot restricted to residential purposes, when no rational reason existed for such a classification."
Applying the above test, the conclusion is inescapable that Appellees' property is surrounded by commercial activity and, under the circumstances, their property would be completely valueless as residential property and would, in fact, be practically unsalable. After the Jefferson Parish Council in 1960 amended the original zoning ordinance and made the Square Commercial, it should have taken into consideration whether or not the property was, in fact, being utilized for commercial purposes, or whether there was such a change in the development in the Square that the original reclassification to Commercial in 1960 was erroneous before proceeding with the 1966 reclassification.
The jurisprudential guidelines for zoning and zoning reclassification may be summarized as:
1. A homeowner has the right to rely on the rule of law that a classification made by ordinance will not be changed unless the change is required for the public good.
*338 2. The power to amend is not arbitrary. It cannot be exercised merely because certain individuals want it done or think it ought to be done.
3. Before a zoning board rezones property, there should be proof either that there was some mistake in the original zoning or that the character of the neighborhood has changed to such an extent that reclassification ought to be made.
4. The burden of proof of original mistake or the need for a substantial change is upon the proponents of the change.
Accordingly, the judgment of the District Court declaring Ordinance No. 7530, adopted by the Jefferson Parish Council on January 27, 1966, to be invalid as it concerns the property of Appellees, is affirmed; costs to be taxed as provided by law.
Judgment affirmed.