853 So.2d 228 (2002)
Ex parte R.S.C.
(In re State ex rel. A.S. v. R.S.C.)
2010868.
Court of Civil Appeals of Alabama.
October 18, 2002.
As Modified on Denial of Rehearing January 17, 2003.
*231 Calvin M. Howard, Birmingham, for petitioner.
William H. Pryor, Jr., atty. gen., and J. Coleman Campbell, deputy atty. gen., and Jennifer M. Bush, asst. atty. gen., Department of Human Resources, for respondent.
YATES, Presiding Judge.
J.W.C. ("the mother") and R.S.C. ("the father") were divorced by a judgment of the Jefferson Circuit Court in November 1983. Pursuant to a modification of the parties' divorce judgment on May 26, 1988, the mother was awarded custody of the parties' daughter, born in August 1980, and their son, born in December 1982. The father was ordered to pay $225 per month in child support.
*232 On February 10, 1999, the State, on behalf of A.S. ("the aunt"), filed a petition in the Calhoun County Juvenile Court for child support, because she had physical custody of the two children. The aunt requested that the father pay child support to her for the care and support of the two children. The father moved to dismiss, arguing that the aunt lacked standing because she was not the "legal and/or proper" custodian of the children. The father attached an affidavit to the motion; in that affidavit he stated that he had never given the mother permission to transfer legal custody of the children to the aunt but that he recognized that the children "went to visit with and stay with [the aunt] awhile back."
On July 13, 1999, at a hearing at which all parties were present, the parties agreed and the court ordered that all child-support payments be redirected to the Calhoun Circuit Court for receipt by the aunt. The court further ordered that any arrearage as of July 13, 1999, remained the property of the mother.
On January 4, 2000, the State, on behalf of the aunt, filed a notice of application for child-support services and a request for collection of child-support payments. The aunt requested that all payments be made to the State because she was receiving public assistance on behalf of the children. On January 10, 2000, the court ordered that all future child-support payments be paid to the State.
On January 22, 2002, the State, on behalf of the aunt, filed a petition seeking to have the father held in contempt, alleging that the father was $900 in arrears as of October 20, 2001, and that the accumulated interest on that amount was $36. On March 6, 2002, the father moved to dismiss the contempt petition on the grounds that the aunt lacked standing to file such a petition, that both children had reached the age of majority before the contempt petition had been filed, and that, because the children had reached the age of majority, contempt was not a proper form of relief. On April 11, 2002, the State, on behalf of the aunt, filed a response to the father's motion, arguing that the aunt had standing to bring the action pursuant to the July 13, 1999, order of the Calhoun Juvenile Court and that a petition for contempt was the proper procedural vehicle to be used to enforce the father's child-support obligations.
At a hearing held on April 16, 2002, the trial court entered an order, finding that the father owed $3,163.50 in child-support arrearage and interest. The court also found that the father's failure to pay was due to willful neglect and not to an inability to pay. The court ordered the father to pay $200 per month beginning on May 1, 2002, entered an income-withholding order against the father's employer, and issued an arrest warrant for the father for failure to appear at the April 16, 2002, hearing.
On May 10, 2002, the father filed a postjudgment motion entitled "Motion for Order Ex Mero Motu to forthwith Recall, Rescind, Revoke and Set Aside the Court's Income `Withholding Order.'" The motion sought relief from the entry of the income-withholding order on the basis of the holding in W.L.S. v. K.S.S.V., 810 So.2d 777 (Ala.Civ.App.2001), which provides that an income-withholding order may not be used to collect a child-support arrearage after a child has reached the age of majority. That same day, the father filed a "Motion to Alter, Amend, or Vacate Judgment," also seeking relief from the entry of the income-withholding order based on the holding in W.L.S. v. K.S.S.V., supra. He also argued that the aunt lacked standing to bring the petition for contempt because, by the terms of the *233 original divorce judgment, the mother was the children's legal custodian.
On June 3, 2002, the father petitioned this court for a writ of mandamus directing the circuit court to vacate its April 16, 2002, order. In his petition, the father argued that the aunt lacked standing to bring the petition for contempt and that, therefore, the April 16, 2002, order was void. He also argued that that court lacked the authority to enter the income-withholding order. On June 6, 2002, the trial court denied the father's postjudgment motions on the ground that the motions were untimely filed.
The State, on behalf of the aunt, argues that the father's petition for a writ of mandamus is untimely because he should have filed the petition within 14 days of the trial court's April 16, 2002, judgment. The father argues that the motions he filed on May 10, 2002, were, in essence, Rule 60(b)(4), Ala. R. Civ. P., motions for relief from judgment.[1] He further argues that, pursuant to Rule 1(B), Ala. R. Juv. P., no postjudgment motion filed in juvenile court may remain pending more than 14 days. Therefore, he contends, his postjudgment motions were deemed denied on May 24, 2002, and his petition for a writ of mandamus was timely filed on June 3, 2002, less than 14 days after his postjudgment motions were deemed denied by operation of law.
We agree with the father that his motions filed on May 10, 2002, were seeking relief from a judgment, pursuant to Rule 60(b), Ala. R. Civ. P. The father argued in his motions that the trial court's judgment was void because the aunt lacked standing to bring the contempt petition as a "nonparent." Standing is related to subject-matter jurisdiction, lack of which is grounds for relief under Rule 60(b)(4). He also sought relief on the ground that the trial court lacked the authority to enter an income-withholding order based on the holding in W.L.S. v. K.S.S.V. However, we disagree with the father's argument that his Rule 60(b)(4) motions were deemed denied by operation of law, pursuant to Rule 1(B), Ala. R. Juv. P.
Rule 59.1, Ala. R. Civ. P., provides that "[n]o post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days." In district court, "Rule 59.1 applies in the district courts except that the time period of ninety (90) days is reduced to fourteen (14) days." Rule 59.1(dc). Rule 1(A), Ala. R. Juv. P., provides that the Rules of Civil Procedure are applicable in juvenile court to the extent they are not inconsistent with the Rules of Juvenile Procedure. Rule 1(B), Ala. R. Juv. P., provides that no postjudgment motion shall remain pending for more than 14 days.
It is well settled that the 90-day period for pending postjudgment motions applies only to motions filed under Rules 50, 52, 55, and 59, and that it does not apply to Rule 60(b) motions to set aside a judgment. Conway v. Housing Auth. of Birmingham Dist., 676 So.2d 344 (Ala.Civ.App.1996). A Rule 60(b) motion does not bring up for review the merits of the underlying judgment and is instead a collateral attack on the judgment. It does not affect the finality of a judgment or suspend *234 its operation. While a postjudgment motion filed pursuant to Rule 50, 52, 55, or 59 cannot remain pending in the juvenile courts for more than 14 days, J.S. v. S.W., 702 So.2d 169 (Ala.Civ.App.1997), a Rule 60(b) motion for relief from judgment is not deemed denied by operation of law under Rule 1(B), Ala. R. Juv. P. Therefore, the father's petition for a writ of mandamus seeking to set aside a purported denial of a Rule 60(b) motion by operation of law was premature because the trial court had not yet ruled on the motions.[2]
Rule 21(a), Ala. R.App. P., provides that "[t]he presumptively reasonable time for filing a petition seeking review of an order of a trial court shall be the same as the time for taking an appeal." The Committee Comments to Amendments to Rule 21(a) and 21(e)(4) provide:
"[W]here the petition for the writ of mandamus challenges an action of the trial court, the amended rule adopts as the presumptively reasonable time the 42-day period for appealing from a final judgment in a civil case, unless the time for appeal is shorter, pursuant to a rule or a statute (see, e.g., Rule 4(a)(1)), in which case the shorter time becomes the presumptively reasonable time."
Rule 4(a)(1)(E), Ala. R.App. P., provides that an appeal from the final order or judgment issued by a juvenile court shall be filed within 14 days of the date of the order that is appealed. The father's petition for a writ of mandamus, filed on June 3, 2002, was premature because the trial court did not deny his Rule 60(b) motions until June 6, 2002. Even if the father had timely filed his petition after the trial court denied the motions on June 6, 2002, he would not be entitled to a writ of mandamus because he had an adequate remedy through a direct appeal.
"A writ of mandamus is a drastic and extraordinary remedy. Ex parte Johnson Land Co., 561 So.2d 506 (Ala.1990). To justify the issuance of such a writ, there must be a clear showing of injury to the petitioner. Id. The writ will not issue absent a clear abuse of discretion by the trial court or where the petitioner has some other adequate remedy. Ex parte Jones, 447 So.2d 709 (Ala.1984); Ex parte Mid-Continent Systems, Inc., 447 So.2d 717 (Ala.1984)."
Ex parte J.E.W., 608 So.2d 728, 729 (Ala.1992).
In Ex parte Spears, 621 So.2d 1255, 1256-57 (Ala.1993), our supreme court stated:
"It is now a well-established general rule in this state that if the matters complained of can ultimately be presented by an appeal, a writ of mandamus will not be issued. Ex parte Fowler, 574 So.2d 745 (Ala.1990). However, this Court, exercising its discretion, has recognized certain exceptions to this general rule in specific cases where appeals are not considered to be adequate to prevent `undue injury.' See, e.g., Ex parte Nissei Sangyo America, Ltd., 577 So.2d 912 (Ala.1991)(mandamus proper to review discovery rulings); Ex parte Insurance Co. of North America, 523 So.2d 1064 (Ala.1988)(mandamus proper to enforce a trial court's compliance with this Court's mandate); Ex parte Rush, *235 419 So.2d 1388 (Ala.1982) (mandamus proper to enforce a statutory or constitutional right to a jury trial); Ex parte Weissinger, [247 Ala. 113, 22 So.2d 510 (1945) ](mandamus proper to vacate certain interlocutory rulings in divorce cases); see, also, Ex parte Brooks, 264 Ala. 674, 89 So.2d 100 (1956); and Brittain v. Jenkins, 263 Ala. 683, 83 So.2d 432 (1955), and the cases cited therein. The rationale underlying the recognition of these exceptions has not always been crystal clear. For example, the remedy by appeal that will make mandamus review unavailable was described by this Court in one case as `one competent to afford relief on the very subject matter in question, and which is equally convenient, beneficial, and effectual.' See East v. Todd, 284 Ala. 495, 499, 226 So.2d 153, 156 (1969). Matters of expense and public interest have also been considered important factors in some cases. See, e.g., Ex parte Weissinger, supra. On the other hand, in Ex parte Moss, 278 Ala. 628, 179 So.2d 753 (1965); and Ex parte Brooks, supra, this Court stated that expense and inconvenience were not controlling in determining whether a party had an adequate remedy by appeal."
The denial of a Rule 60(b) motion is reviewable on appeal. Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655 (Ala.2001); Ex parte Keith, 771 So.2d 1018 (Ala.1998). As a result, the father should have appealed from the denial of his Rule 60(b) motions.
It appears that the father sought mandamus relief rather than an appeal because he contends that a void judgment will not support an appeal, citing Farmer v. Farmer, 422 So.2d 679 (Ala.Civ.App.2002). In Farmer, the father filed a Rule 59(e) motion to alter, amend, or vacate the judgment 34 days after a divorce judgment was entered. Although the motion was untimely, the trial court held a hearing on the motion. At the hearing, the father admitted that the motion was untimely, and he attempted to substitute for that motion a petition to modify the judgment. The mother's attorney objected and moved to strike, arguing that filing a petition to modify the divorce judgment constituted the filing of a new case that required payment of a filing fee and proper service on the mother. The trial court denied the mother's motion to strike and proceeded to take testimony. When the trial court denied the petition to modify, the father appealed. We held that handing the petition to modify to the trial judge and to the mother's attorney in open court did not constitute a proper "filing" for the purposes of Rule 3, Ala. R. Civ. P., as that term is defined in Rule 5(e), Ala. R. Civ. P. We also held that the father's failure to pay a filing fee was a jurisdictional defect and that the father's in-court service of the petition to modify was not proper service to the mother, as required by Rule 4, Ala. R. Civ. P. We concluded that the trial court's judgment was void for lack of jurisdiction, and, because a void judgment will not support an appeal, the father's appeal was dismissed.
In the present case, the father's petition for a writ of mandamus is related to his Rule 60(b)(4) motions. Subsection (4) of Rule 60(b) permits relief from a final judgment when that judgment is void. It is important to note that a judgment is not void simply because it is erroneous, because Rule 60(b) is not intended as a substitute for appeal. R.J. Reynolds Tobacco Co. v. Cantley, 717 So.2d 751 (Ala.1998). A judgment is void under Rule 60(b)(4) only if the court that rendered the judgment lacked subject-matter jurisdiction, personal jurisdiction, or if it acted in a manner inconsistent with *236 due process of law. Osborn v. Roche, 813 So.2d 811 (Ala.2001). A Rule 60(b) motion does not bring the underlying judgment up for review but presents only the question of the propriety of the judgment denying the Rule 60(b) motion. Sanders v. Blue Cross-Blue Shield of Alabama, Inc., 368 So.2d 8 (Ala. 1979). In Farmer, supra, the appeal was from the underlying judgment. In the present case, the petition for a writ of mandamus is related to the of the father's Rule 60(b)(4) motions, collaterally attacking the judgment.
Even if the father had timely filed an appeal, he would not be entitled to relief under Rule 60(b).
"The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."
Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala. 1991).
A judgment is void under Rule 60(b)(4) if the court rendering the judgment lacked subject-matter jurisdiction. The doctrine of standing encompasses limitations on the court's authority to hear a case. "When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction." State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999).
"`Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.'" Id. at 1028, quoting National Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994). Standing turns on "`whether the party has been injured in fact and whether the injury is to a legally protected right.'" 740 So.2d at 1027, quoting Romer v. Board of County Comm'rs of the County of Pueblo, 956 P.2d 566, 581 (Colo. 1998)(Kourlis, J., dissenting).
In the present case, the aunt did have standing to file the January 22, 2002, contempt petition.[3] A parent's duty to support a minor child exists regardless of whether that parent is the custodian. State ex rel. Dep't of Human Res. v. Sullivan, 701 So.2d 16 (Ala.Civ.App.1997). On July 20, 1999, the husband agreed to redirect his child-support payments to the Calhoun Circuit Court because the children to whom he owed support were then in the aunt's physical custody in Calhoun County. Based on that agreement, the trial court entered an order redirecting the payments. The aunt, as the physical custodian of the children in July 1999, had a substantial interest and a personal stake in receiving support on behalf of the children. Because the father was not paying the support he had agreed to pay, the aunt applied for, and received, aid from the State. In return, she assigned the right to enforce the child-support order to the State. Clearly, the State had an interest in protecting the children's right to continuing support from their father, and the State had an interest in protecting its right to be reimbursed for any aid paid on behalf of the children. § 38-10-6, Ala.Code *237 1975; State ex rel. McDaniel v. Miller, 659 So.2d 640 (Ala.Civ.App.1995).
With regard to the father's argument that the judgment is void under Rule 60(b)(4) because the trial court was without authority to enter an income-withholding order, he is not entitled to relief from the judgment on this ground. A judgment is void under Rule 60(b)(4) only if the court that rendered it lacked subject-matter jurisdiction or personal jurisdiction or acted in a manner inconsistent with due process. Neither subject-matter jurisdiction nor personal jurisdiction is affected by the income-withholding order. Due process requires notice and an opportunity to be heard, Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Ex parte Segrest, 718 So.2d 1 (Ala.1998), which was provided to the father when he was notified of the contempt petition and of the hearing. As stated earlier, a judgment is not void if it is merely erroneous because Rule 60(b)(4) is not intended as a substitute for a timely appeal. Although the trial court erred in entering an income-withholding order under W.L.S. v. K.S.S.V., the father's characterization of the judgment as void within the meaning of Rule 60(b)(4) is unpersuasive.
The trial court's mistaken interpretation of caselaw does not indicate a "mistake" as contemplated by Rule 60(b)(1). Subsection (1) of Rule 60(b) provides that "mistake, inadvertence, surprise, or excusable neglect" may be a grounds for relief from judgment. However, it is well settled that a trial court's erroneous ruling on the law is not the type of "mistake" contemplated by Rule 60(b)(1). City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala.1981).
"`If the court merely wrongly decides a point of law, that is not "inadvertence, surprise, or excusable neglect." Moreover, these words, in the context of the rule, seem addressed to some special situations justifying extraordinary relief. Plaintiff's motion is based on the broad ground that the court made an erroneous ruling, not that the mistake was attributable to special circumstances....
"`A contrary view, that "mistake" means any type of judicial error, makes relief under the rule for error of law as extensive as that available under Rule 59(e), which permits motions to "alter or amend judgments." Obviously, any such motion presupposes a mistake. Indeed, the argument advanced is that a broad construction of "mistake" beneficially extends the [14]-day limit for motions under Rule 59(e). Calling this a benefit loses sight of the complementary interest in speedy disposition and finality, clearly intended by Rule 59.'"
Id. at 695, quoting Silk v. Sandoval, 435 F.2d 1266, 1267-68 (1st Cir.1971).
Subsection (6) of Rule 60(b) refers to "any other reason justifying relief from the operation of the judgment." Relief under subsection (6) is not available if the asserted grounds for relief would have been available under subsections (1) through (5). R.J. Reynolds Tobacco Co. v. Cantley, supra. Rule 60(b)(6) provides an equitable remedy. Neal v. Neal, [Ms. 1991439, September 6, 2002] ___ So.2d ___ (Ala.2002).
"[U]nder Rule 60(b)(6), relief is granted only in those extraordinary and compelling circumstances when the party can show the court sufficient equitable grounds to entitle him to relief, but relief should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes final; otherwise, a motion for such relief *238 from a final judgment would likely become a mere substitute for appeal and would subvert the principle of finality of judgments. See the Comment to Federal Rule of Civil Procedure 60(b). As the Court held in Nowlin v. Druid City Hosp. Bd., 475 So.2d 469 (Ala.1985), Rule 60 is no substitute for an appeal and is not available to relieve a party from his failure to exercise the right of appeal."
Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993).
In the present case, the father did not timely file a Rule 59 motion or seek a direct appeal from the judgment. As a result, he failed to do everything reasonably within his power to achieve a favorable result before the judgment became final. Therefore, he would not have been entitled to equitable relief under Rule 60(b)(6).
In conclusion, the father's petition for a writ of mandamus was untimely. However, even if had timely filed the petition, he was not entitled to the relief requested in his mandamus petition because he had an adequate remedy of an appeal from the denial of the Rule 60(b) motions. Even if he had timely filed an appeal, the father was not entitled to relief from the underlying judgment based on Rule 60(b).
PETITION DENIED.
THOMPSON and PITTMAN, JJ., concur.
NOTES
[1] A Rule 60(b)(4), (5), or (6) motion may be filed within a "reasonable time" after entry of a judgment. Ex parte E.D., 777 So.2d 113 (Ala.2000)(Rule 60(b)(6) motion filed within 60 days after the appellate court affirmed the termination of the mother's parental rights was filed within a reasonable time). Here, the judgment was entered on April 16, 2002, and the father filed his motion on May 10, 2002.
[2] In Ex parte Gamble, 709 So.2d 67 (Ala.Civ.App.1998), mandamus relief was available where the trial court had not yet ruled on a Rule 60(b) motion and the petitioner was seeking an order requiring the trial court to address the merits of the motion where the trial court had clearly refused to do so. In the present case, the father was not requesting an order compelling the trial court to rule on his postjudgment motions nor was there anything in the record to indicate that the trial court had refused to address his Rule 60(b) motions.
[3] A contempt petition may be used to enforce past-due child-support payments even after the child has reached the age of majority. Davenport v. Hood, 814 So.2d 268 (Ala.Civ.App.2000).