284 So.2d 866 (1973)
STATE of Louisiana ex rel. RE-LU, INC.
v.
CITY OF KENNER et al.
No. 5621.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
*867 John C. Werhan, New Orleans, for relator-appellant.
Hubert A. Vondenstein, Metairie, for respondents-appellees.
Before SAMUEL, CONNOLLY and DURAN, JJ.
SAMUEL, Judge.
Relator filed a petition for mandamus against the City of Kenner, the individual members of its Board of Aldermen and the Director of its Office of Regulatory Inspection to compel the issuance to relator of a building permit authorizing the erection of a multi-unit residential structure on Kenner property located in an area which, at the time it filed the application for the permit, was zoned for commercial purposes only. After trial there was judgment in favor of the respondents, dismissing the suit. Relator has appealed.
Basically the facts are undisputed. On November 8, 1971 relator offered to purchase the property in suit for the price of $38,000. The offer was accepted on November 10, 1971 and the property was purchased by relator on January 1, 1972. The offer was predicated on, and the act of sale was made subject to, the condition that the property could be used for the purpose of constructing thereon sixteen 900 sq. ft. residential rental units.
On November 23, 1971, subsequent to the offer and prior to the passage of the act of sale, Mr. John Lulich, president and sole stockholder of the relator corporation, visited the office of the Department of Regulatory Inspection in the Kenner City Hall. He testified there he was advised (apparently by an employee of the office) the property was available at that time for construction of the residential units contemplated by relator, but that the City of Kenner then was considering the adoption of a new comprehensive zoning ordinance which would restrict the use of the particular property to commercial and prevent its use for the contemplated residential purposes.
Mr. Lulich also testified on the November 23, 1971 visit to the Kenner City Hall he was further informed that if he had a "preliminary permit" prior to the adoption of the new ordinance being voted on, he could ". . . build residential units within one year from the time of the permit." Regarding the proposed new ordinance, its pendency and its affect on the construction contemplated by relator, his testimony was as follows:
"Q. Now, you say this was a comprehensive ordinance? What were you told that it was at that time? Was it enacted?
"A. No, it was under advisement to be voted on and Mr. Cherro was in the office and he said it wasn't enacted at that time but if it was voted on and I had a preliminary permit, I could do it."
The Kenner zoning ordinance in effect on November 23, 1971 when Mr. Lulich visited the Kenner City Hall, permitted construction for residential usage on the property in suit. At that time a proposed new comprehensive zoning ordinance was under consideration by the Kenner Mayor and Board of Aldermen. The new ordinance, as proposed, contained a provision for maintaining existing zoning classifications for a period of one year by having a basic plot or site plan approved prior to the adoption of the new ordinance. Under this provision about ten plot or site plans, including one submitted by relator, had been appoved by the Kenner Office of Regulatory Inspection. The new comprehensive Zoning Ordinance was adopted February 14, 1972. It became effective immediately upon adoption. However, the above mentioned provision for maintaining existing zoning classifications was deleted prior to adoption and the ordinance, as adopted, did not contain that provision.
Relator filed a plot or site plan and obtained approval thereof on January 24, *868 1972, prior to the adoption of the new zoning ordinance. On March 29, 1972, after the adoption of the new ordinance, it applied for a building permit. As the section of the proposed zoning ordinance which provided for preservation of previous zoning by approval of a plot or site plan had been deleted, and as the new ordinance did not permit residential use of the property in suit, relator's application for a building permit was rejected.
In essence, relator's contention in this court is that because the other respondents gave the Kenner Office of Regulatory Inspection authority to advise the public on procedures to be followed to obtain building permits under the city's zoning ordinance and to protect zoning classifications with regard to the proposed new ordinance, the city is estopped from denying that authority and from refusing to issue the building permit applied for by relator.
The doctrine of equitable estoppel can be applied to a municipality when the act relied upon was within its corporate powers.[1] In American Bank & T. Co. v. Trinity Universal Ins. Co.,[2] the Supreme Court of Louisiana defined the type of estoppel here urged by relator as follows:
"Equitable estoppel may be defined as the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct. Founded upon good faith, the doctrine is designed to prevent injustice by barring a party, under special circumstances, from taking a position contrary to his prior acts, admissions, representations, or silence."
In American Bank the court emphasized the importance of the justifiability of the reliance placed by the injured party on the action of the person against whom the estoppel is urged. Unless the injured party was justified in his reliance on the actions of the other party, estoppel is of no legal consequence.
In the instant case we are satisfied, as was the trial judge, that relator's president was not justified in relying upon what he says was the assurance he received that the filing and approval of a plot or site plant would preserve for relator the then existing zoning classification. Even according to his own testimony, from the information he received he was aware that a new ordinance had been proposed and was under consideration for adoption by the Kenner Mayor and Board of Aldermen. He knew, or certainly reasonably should have known, that the new ordinance might or might not be adopted as proposed and that it was quite possible it would be adopted after changes which could include deletion of the provision for preservation of existing classifications by the prior filing and approval of a plot or site plan. Although not conclusive in itself, the inclusion in the act of sale of the condition that the property could be used for residential construction, an act passed after the alleged assurance upon which relator relies, is an indication he was aware of the possibility that the preservation provision might be deleted.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] New Orleans Fire Fight. Ass'n v. City of New Orleans, La.App., 204 So.2d 690; Rogers v. First Sewerage Dist. of City of Lake Charles, La.App., 171 So.2d 820 and Moore v. City of New Orleans, 32 La.Ann. 726.
[2] 251 La. 445, 459, 205 So.2d 35, 40.