WALTER E. KOLLIN, Judge Pro Tem.
Plaintiff appeals a district court judgment dismissing its claims. The judgment affirmed a decision of the Jefferson Parish Council denying plaintiff’s resubdivision request. We affirm the judgment of the trial court.
Bayou Self Road Development, Inc. (Bayou), plaintiff/appellant, is the owner of a tract of land located in the Lafitte area of Jefferson Parish. Bayou applied to the Jefferson Parish Council to resubdivide this tract of land into single family residential lots with 40 foot frontages. When the original application was filed, the subject land was zoned U-l (unrestricted) which would have permitted the resubdivision plan proposed by Bayou.
While Bayou’s resubdivision application was pending, the Jefferson Parish Planning Department conducted a study of the area and recommended that the land be rezoned from U-l to R-l (single family residential). The parish adopted the planning department’s rezoning recommendation. Since R-l zoning requires 50 foot lot frontages, the planning department further recommended denial of Bayou’s resubdivision application. On February 15, 1989, the Jefferson Parish Council denied Bayou’s application.
Bayou subsequently filed this action in the district court seeking an order of mandamus to require the parish to approve its resubdivision application. The trial court denied Bayou’s petition for mandamus, finding that the parish was within its legislative discretion in rezoning the property and did not act arbitrarily or capriciously.
Bayou now appeals, alleging that the trial court applied the wrong standard in evaluating the validity of the parish’s decision to rezone the land and committed further reversible error in failing to impose the burden of proving the validity of the rezoning on the parish. Bayou also contends that the doctrine of equitable estoppel applies to this case, thereby mandating reversal of the district court.
LSA-R.S. 33:4721 et seq. authorizes the Jefferson Parish Council to enact and amend zoning regulations as part of its police powers. Since zoning is a legislative function, the courts will not and cannot substitute their wisdom for that of a legislative body or other zoning authority except when there is an abuse of discretion or the excessive use of power. See Folsom Rd. Civic Ass’n v. Par. of St. Tammany, 407 So.2d 1219 (La.1981).
The Louisiana Supreme Court announced the criteria for judicial review of zoning regulations in Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659 (La.1974), where the court stated that such regulations are legally presumed to be valid and will not be set aside unless *681 “palpably erroneous and without any substantial relation to the public health, safety or general welfare.” Id. at 664. Additionally, Four States Realty clearly placed the burden of proving a zoning regulation invalid on the party challenging the regulation.
On appeal, Bayou urges this court to follow the zoning review guidelines set out in Dufau v. Parish of Jefferson, 200 So.2d 335 (La.App. 4th Cir.1967), particularly insofar as those guidelines would place the burden of proof on the parish in this case to establish that the original zoning of the land at issue was a mistake or that changes in the character of the land necessitated rezoning. Recently, however, the Louisiana Supreme Court specifically rejected Dufau’s zoning review guidelines and reaffirmed the guidelines it previously established in Four States Realty. Palermo Land Co. v. Planning Com’n, 561 So.2d 482 (La.1990). Bayou’s reliance on the Du-fau guidelines is therefore misplaced.
Using the presumption of validity and the guidelines set forth in Four States Realty, supra, we now address the evidence actually offered at trial to ascertain whether Bayou met its burden of proving an abuse of discretion by the parish in rezoning the property. The evidence showed that prior to denying Bayou's re-subdivision application, the Jefferson Parish Council passed a resolution requesting the Planning Department and the Planning Advisory Board to conduct a study to determine the zoning classification most appropriate for that particular area. Francois Anear, a planner with the Planning Department, testified that the study consisted of a “windshield” survey of the area in addition to a study of the demographics. The windshield survey, a physical investigation of the property’s current use, revealed that the land was vacant. The demographic portion of the study showed that the westbank of Jefferson Parish had been experiencing developmental pressure over the past several years. Based on 1960-1970-1980 census figures, the population of westbank census district 277 increased from 14,000 to 42,000 residents. While this population increase may have had greater immediate effect on the area north of Lafitte, the developmental pressures directly impacting on the Lafitte area itself were substantial.
The Planning Department evaluated the results of the study and concluded that R-l, single family residential, was the most appropriate zoning classification for the land, particularly in view of the residential developmental pressures experienced throughout the area. Mr. Anear testified that the prior U-l (unrestricted) zoning classification would provide no protection for single family residences.[1] After reclassification of this particular property, other zoning studies were conducted for property in the surrounding area. The Planning Department again concluded that R-l, single family residential, was the most appropriate zoning classification for the property north and south of the subject property; and, in accordance with the department’s recommendation, the Jefferson Parish Council rezoned the surrounding areas from U-l to R-l.
Considering these facts, Bayou did not meet its burden of proving that the reclassification of the property constituted an abuse of discretion or an excessive use of power by the Jefferson Parish Council. The rezoning of the property from U-l to R-l and the denial of Bayou’s resubdivision application were not “palpably erroneous and without any substantial relation to the public health, safety or general welfare.” Four States Realty, supra at p. 664. Thus, Bayou’s challenge of the standard applied by the district court to determine the validity of the parish’s zoning decisions and its challenge of the burden of proof imposed by the district court are without merit.
*682 We now address Bayou’s contention that the trial judge erred in not applying the doctrine of equitable estoppel.
Bayou argues that it acquired the parcel of ground with the specific intention of developing boat townhomes, which was made impossible by the rezoning of the property. Thus, according to Bayou, it is inequitable to deny the resubdivision application because Bayou complied with all necessary requirements prior to the institution of the study resulting in the zoning reclassification of the property.
In State ex rel. Re-Lu, Inc., v. City of Kenner, 284 So.2d 866 (La.App. 4th Cir.1973), the Fourth Circuit discussed the doctrine of equitable estoppel in the context of zoning matters.[2] The appellate court stressed that unless the injured party was justified in his reliance on the actions of the other party, estoppel is of no legal consequence. The Fourth Circuit then held that equitable estoppel was inapplicable, even though the plaintiff developer established that he had relied on information from a city employee that if he obtained a preliminary permit before passage of a new zoning ordinance, the developer’s construction plan would be approved regardless of any conflict with the new ordinance. The appellate court reasoned that the developer was not justified in relying upon the information he had received because he had knowledge that the new ordinance was under consideration prior to his purchase of the property and that the proposed construction plans might conflict with the provisions of that ordinance.
In the present case, the doctrine of equitable estoppel is of no legal consequence because absolutely no representations were made by the parish to Bayou in connection with the development of this land. The Jefferson Parish Council, in no way, conveyed to Bayou any indication that the U-l classification of the property would remain in effect.
The Louisiana Supreme Court’s recent decision in Palermo Land Co., supra, also addressed an appellant’s contention, similar to the contention now before us, that equitable estoppel precluded a parish from rezoning certain property:
The matters at issue here are controlled by positive written law. LSA-R.S. 33:106 provides planning commissions may ‘from time to time amend, extend, or add to’ a master plan for the physical development of the unincorporated territory of a parish. LSA-R.S. 33:4725 provides municipal zoning regulations may ‘from time to time, be amended, supplemented, changed, modified or repealed.’ Equitable considerations and estoppel cannot be permitted to prevail when in conflict with the positive written law. La.C.C. art. 21. In a case presenting circumstances where an estoppel might be warranted, the traditional test of whether the municipality’s actions were arbitrary, unreasonable, or capricious provides a sufficient basis upon which such an unfair rezoning could be invalidated, (citations and footnotes omitted), (emphasis added).
561 So.2d at 448-489.
The issues raised by Bayou are controlled by positive written law which allows municipal zoning regulations to be amended, supplemented, changed, modified, or repealed. LSA-R.S. 33:4725. Thus, the trial court properly ruled that equitable considerations and estoppel are inapplicable in this case. Palermo Land Co., supra. Accordingly, Bayou’s final alleged error is without merit.
*683 For the reasons set forth herein, the judgment of the trial court is affirmed.
AFFIRMED.

. According to Section XVII of the Jefferson Parish Comprehensive Zoning Ordinance (Jeff. Par.Ord. No. 3813 as amended by Ord. No. 7530), areas with U-l, unrestricted, zoning may be used for any purpose not conflicting with parish ordinances. Although requiring parish council approval, the permitted uses include acid and gas manufacture and explosives manufacture or storage. Such uses are obviously inconsistent with the residential development likely to occur in this area based on the Planning Department's study.

. In City of Kenner, the Fourth Circuit, quoted the following statement of the Louisiana Supreme Court in American Bank & T. Co. v. Trinity Universal Ins. Co., 251 La. 445, 205 So.2d 35 (La.1967):
Equitable estoppel may be defined as the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct. Founded upon good faith, the doctrine is designed to prevent injustice by barring a party, under special circumstances, from taking a position contrary to his prior acts, admissions, representations, or silence.
284 So.2d at 868.