GOTHARD, Judge.
This is a zoning matter. The defendant appeals a judgment ordering him to comply with Jefferson Parish Code of Ordinances No. 3813, Article 7,[1] Sec. 2(B1)3 by removing a recreational vehicle from the front yard of his residence in Terrytown and to remove a fence that partially encloses the vehicle, within thirty days of service of judgment.
The Parish had filed suit against Raoul Charnel, alleging violation of the ordinance cited above. The matter was heard by a judge on October 11, 1990 and judgment was signed on February 6, 1991. On February 15 the defendant filed a motion for *798 new trial under La.C.C.P. art. 1972(2), on grounds of having discovered new evidence since trial which he could not, with due diligence, have obtained before or during the trial. The judge denied the new trial without a hearing and the defendant perfected a suspensive appeal.
The appellant raises the following issues: (1) whether the court erred in denying the motion for new trial; (2) whether plaintiff’s exhibits PI, P2, and P3 were improperly admitted into evidence; (3) whether the plaintiff met its burden of proof; and (4) whether the judge erred in rendering judgment ordering the plaintiff to remove a fence from his front yard, when the Parish’s pleadings had not alleged non-compliance with Article 20, Sec. 7(C)(1) of Jefferson Parish Ordinance 3813.

New Trial

La.C.C.P. art. 1972 specifies three situations in which a new trial “shall” be granted, one of which is, “(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.” The newly discovered evidence upon which Charnel seeks a new trial consists of a copy of Jefferson Parish Ordinance No. 16783 (amending ordinance No. 3813 and changing the zoning classifications of certain areas) and a map of the part of Terrytown where he resides. Charnel alleges that the documents prove that his property was zoned R-3 until February, 1986 and enjoys a non-conforming status. Counsel for Cha-rnel alleges in his brief that the plaintiff gave him the two items after trial. Charnel filed no discovery pleadings. Counsel had telephoned a request to opposing counsel for copies of all documents concerning zoning of Charnel’s property from the beginning of Terrytown to date. The Parish counsel faxed seven pages, assuring plaintiff’s counsel by telephone that there were no other documents.
We find no merit in the appellant’s argument. Where the documents sought are public records, it is the litigant’s responsibility to conduct diligent research. In Barker v. Rust Engineering Co., 428 So.2d 391 (La.1983), where a new trial was granted under La.C.C.P. art. 1972(2), formal discovery had taken place, the defendant had failed to comply, and the surprise document was a private service and maintenance contract, not a parish ordinance. Hence the appellant’s reliance on that case is misplaced.

Exhibits

The appellant objected to the admission of three plaintiff’s exhibits: P-1, a photograph showing the recreational vehicle and the chain fence; P-2, Sec. VII of Parish Ordinance No. 3813; and P-3, Sec. XX of Parish Ordinance No. 3813, on grounds that they were incomplete and not identified. William Journee, a building inspector for Jefferson Parish, testified that he had visited the premises at 320 Amapola Circle in Gretna, noticed the recreational vehicle and fence in front of the property, and issued a violation in November, 1989. He stated that he had taken the photograph, P-1, but only in counsel’s brief is the date given, although it is written in longhand on the picture. The copies of the two sections of the ordinance, P-2 and P-3, fail to show the ordinance number but are clearly zoning regulations and were identified by Journee. The court overruled the defendant’s objection under LSA-R.S. 13:3712(B), which orders courts to take judicial cognizance of parochial ordinances whenever certified copies have been filed with the clerk of court for that parish. We find that he acted within his authority. While we agree that P-1 was insufficiently identified and should not have been admitted, it is harmless error as the defendant admitted that the fence and recreational vehicle were situated in the front of the property at time of trial.

Burden of Proof

The appellant contends that the Parish failed to meet its burden of proof: specifically, that Charnel’s property was in violation of one or more zoning restrictions and that the alleged violations were not present before the effective date of the zoning ordinance.
*799 In Redfearn v. Creppel, 436 So.2d 1210 (La.App. 4th Cir.1983), affirmed in part, reversed in part on other grounds 455 So.2d 1356 (La.1984), at issue was whether or not a building had acquired a legal nonconforming status as a hotel.
The court said, at 1214:
The contention that certain property has acquired a legal non-conforming status and thus, that its use cannot now be restricted, is an affirmative defense which the defendant must prove by a preponderance of the evidence. City of Lake Charles v. Frank, 350 So.2d 233 (La.App. 3rd Cir.1977); City of New Orleans v. Cantelli, 136 So.2d 838 (La.App. 4th Cir.1962)....
The Parish has shown, by testimony of the inspector, that the presence of the recreational vehicle in the front of the property was a violation of ordinance 3813, Sec. VII, § 2(B1)(3), which provides that:
Camping and recreational equipment may be parked or stored on private property subject to the following conditions:
[[Image here]]
3. If the camping and recreational equipment is parked or stored outside of a garage, it shall be parked or stored to the rear of the front building line of the lot.
Charnel admitted on the stand that his vehicle was parked in the front of the lot and stated that his first recreational vehicle was parked there in 1972. Charnel introduced into evidence a permit issued to him to erect a chain fence in 1967, which he stated was the fence presently situated in the front yard; however, he testified that he had moved part of that fence later without a permit, probably in 1968, when he poured a driveway. Section XX § 7(C)(1) of the Ordinance provides at C(l) that:
C. ... Fences not to exceed a height of seven (7) feet may be erected along lot lines or around required or existing yard area of residential uses and in each required or existing side yard of a residential use when placed in alignment approximately parallel to the front lot line and connecting the main building with a fence on or along a side lot line subject to the following:
1. Front yard areas may not be fenced unless the lot immediately adjoining on either side has a fence in the front yard in which case a fence not exceeding the height of the fence of the adjoining lot or lots may be constructed and on lots that front major streets that also front on a second street in which case the front yard adjoining the major street may be fenced.
The location of the fence is clearly in violation of Ordinance 3813 under present law. Other than the permit, the only documentary evidence submitted consisted of photographs, undated, which Charnel stated he had taken when the fence was being erected. According to his testimony and the photographs, there was no fence along the side line between his property and his neighbor’s lot when he put up the fence. It was his burden to prove that the existing fence and recreational vehicle were in place before an ordinance was enacted prohibiting parking and fencing in front yards, not that of the Parish to show that the violations did not antedate the law. Redfearn v. Creppel, supra. The public records showing the history of the ordinance were available to him but he failed to conduct a diligent search.

Insufficient Allegation in Pleading

Finally, Charnel contends that the court erred in rendering judgment regarding the fence when the Parish’s petition failed to allege violation of Section XX, § 7(C)(1) of ordinance 3813, where the fence restriction appears. We find no merit in this assignment of error. Although the petition does not cite section XX, it does refer to ordinance 3813 and clearly gives notice of the violation:
III.
That the above described property is zoned R-l District by the Comprehensive Zoning Ordinance of Jefferson Parish (Ordinance No. 3813 as amended).
*800 IV.
That the said defendant is in violation of Jefferson Parish Ordinance No. 3813, Article 7, Sub. Section 2B1-3, the provisions of which are included herein by reference thereto, as if copied and pleaded in extenso, by: having a recreational vehicle in front yard area (first 20 feet) and having a fence in front yard area at the property located at Lot 13, Square 9, Terrytown Subdivision, 320 Amapola Circle, Gretna, Louisiana, and defendant should be ordered to cease such violation or be held in contempt of Court.
The Supreme Court in the recent case of Palermo Land Co. v. Planning Com’n, 561 So.2d 482, 493 (La.1990) held that, “Whenever the propriety of a zoning decision is debatable, it will be upheld....” [Citations omitted.] As zoning is a legislative function, the court may not substitute its wisdom for that of a legislative or other zoning authority except where there has been an abuse of discretion or excessive use of power. Bayou Self Road Dev. v. Jefferson Parish, 567 So.2d 679 (La.App. 5th Cir.1990). The appellant has not shown an abuse of discretion of the Parish of Jefferson or error on the part of the trial judge in this case.
For the reasons assigned above, the judgment appealed from is affirmed.
AFFIRMED.

. In the copy of Ordinance 3813 introduced into evidence, “Article 7” is captioned "Section VII.” "Article 20," referred to below, is captioned "Section XX.” We shall use those designations for the sake of accuracy.