In June 1991 Willard Mark Grogan filed a petition to modify a prior divorce decree. The petition requested that future child support payments be held in abeyance due to the fact that he had been sentenced to the state penitentiary for 21 years in April 1991. In October 1991 Grogan filed an *Page 398 
"application to register for entry of default," because the mother had failed to answer the petition. In February 1992 the Circuit Court of Tallapoosa County entered a default judgment and ordered that all child support payments due to be paid by Grogan be suspended until such time as he is released from the state penitentiary.
In March 1992 the State of Alabama filed a motion to intervene and a motion to set aside the default judgment, alleging that the State had previously been assigned all support rights held by the mother and that Grogan had failed to give the State proper notice. On March 23, 1992 the trial court granted the motion to intervene and set for hearing the State's motion to set aside the default.
On March 25, 1991 Grogan filed a "petition for review." He requested that the trial court reconsider its February 1992 order and give retroactive effect to the suspension of current child support dating back to the time of his incarceration.
On April 28, 1992 the trial court entered the following order:
 "Upon hearing and discussion, with the attorneys present, plaintiff/(the State) moves to withdraw the motion to set aside the default. Although the State's motion attacking lack of service on the State has merit, further proceedings would likely result in the same order. With commendable wisdom, the State joins the Court in practicing judicial economy.
 "This court entered an order suspending payment and consequent accumulation of child support while defendant is in prison. Having gotten all the benefits to which he is entitled, and arguably more, his motion to reconsider is denied."
Grogan appeals, pro se.
Grogan's brief is not a paradigm of clarity. From what we are able to glean from the brief and the record, it appears that Grogan is maintaining that the trial court erred by failing to give retroactive effect to its order suspending child support payments during his period of incarceration.
It is well established that child support payments become final judgments on the date they are due, and once they have matured they are immune from change. One may defend against an action for the collection of past-due child support payments by showing payment or discharge. Logue v. Jordan,598 So.2d 997 (Ala.Civ.App. 1992). Grogan did not attempt to show payment or discharge. His attempt to be relieved of his past-due child support payments was based only upon the fact of his incarceration. Incarceration is not an acceptable defense.
It was within the discretion of the trial court to suspend the accrual of child support while Grogan is imprisoned.Rotar v. Weiland, 591 So.2d 893 (Ala.Civ.App. 1991). The court, however, had no authority to give retroactive effect to its order. Its refusal to do so was proper.
On appeal, Grogan asserts that he made expenditures for the benefit of the children and that he should be credited for such expenditures. Grogan, however, did not make any claims for credit in the trial court. We are, therefore, precluded from entertaining this issue. Bechtel v. Crown Central PetroleumCorp., 451 So.2d 793 (Ala. 1984).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 399