This is a child support case.
The record reveals that Debbie Sue Handley Brown (mother) and Joey Terrell Handley (father) divorced in 1991, and in an agreement incorporated in the divorce judgment, the father was to pay $785 per month for the support of his three children.
In October 1992, the State of Alabama, on behalf of the mother, petitioned to intervene for enforcement of payment of the current child support and unpaid past support. No answer or petition to modify appears of record for the father.
The only testimony presented was that of the father who testified regarding his failure to pay, acknowledged an arrearage, and stated that he had been "laid off" from his previous job and that he had worked two jobs, attempting to make enough money to support himself and his children. He acknowledged that he had an ability to earn approximately $10 per hour, that he owned 32 acres of land, and that he was paying for a pickup truck. Additionally, he testified regarding personal assets he owned, including recreational equipment.
Following the father's testimony, the trial court computed the father's current income and it amended the support order, reducing the father's monthly obligation to $488 per month. Additionally, the trial court ordered "the arrearages reduced at a per diem basis of $26.16 for 83 days which the Defendant was unemployed and finds an inability to pay during this period." Thereafter, the trial court ordered the father to reimburse the mother the sum of $1496.17 for past due child support.
Following the denial of the mother's post-judgment motion challenging the legality of the trial court's retroactive amendment of past due child support, the mother appeals.
The single issue on appeal is whether the trial court committed reversible error by reducing the father's obligation to pay accrued child support.
The law in Alabama regarding past due installments of child support is well established. Past due installments of child support are final judgments which may be collected as any other judgment. Motley v. Motley, 505 So.2d 1228
(Ala.Civ.App. 1986). As such, a trial court may not modify, release, or discharge the obligor of past due support once the obligation matures and becomes final under the original divorce judgment.Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App. 1989). The amount of the arrearage was not in dispute; therefore, we hold that in accordance with the above authority, the trial court erred in modifying and discharging the *Page 728 
father from payment of past due and accrued child support; accordingly, that provision of the judgment of modification is reversed and remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.