This case was before the trial court on a contempt petition alleging nonpayment of child support. The court ordered the father to pay an arrearage in the amount of $9,299.36. The court denied the State's request *Page 574 
for post-judgment interest on the past due support.
The State appealed, arguing that post-judgment interest on a child support arrearage is an entitlement pursuant to Ala. Code 1975, § 8-8-10. We agree.
The law in Alabama is clear that an order to pay child support is a final judgment as of the due date and that an arrearage may be collected as any other judgment is collected.Motley v. Motley, 505 So.2d 1228 (Ala.Civ.App. 1986). Further, the failure to impose interest on the arrearage when interest is properly requested is error. McDavid v. McDavid,627 So.2d 446 (Ala.Civ.App. 1993); Stewart v. Johnson,401 So.2d 101 (Ala.Civ.App. 1981).
In the present case, the State requested interest on the child support arrearage. The request was properly presented, and the trial court should have imposed interest.
Accordingly, the judgment is reversed, and the cause is remanded with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.