CRAWLEY, Judge.
In April 1996, Emogene J. Orr petitioned for a rule nisi against Bennie C. Orr, seeking a child support arrearage. Following the presentation of ore tenus evidence, the trial court ordered the father to pay a $23,272 child support arrearage. The mother filed a post-judgment motion, asking the trial court to award interest on the arrearage; the trial court denied her motion.
“Alabama law is clear that an order to pay child support is a final judgment as of the due date and that an arrearage may be collected as any other judgment is collected. State Department of Human Resources ex rel. McGhee v. McGhee, 634 So.2d 573 (Ala.Civ.App.1994). Further, the failure to impose interest on an arrear-age when interest has been properly requested is error. Id.”
State Department of Human Resources ex rel. Laro v. Gray, 644 So.2d 21, 22 (Ala.Civ.App.1994); see also State Department of Human Resources ex rel. Luck v. Luck, 644 So.2d 24 (Ala.Civ.App.1994). At the conclusion of the hearing, the mother requested interest on the arrearage. The trial court’s failure to award interest on the child support arrearage is reversible error, and we remand the cause for the trial court to compute the amount of interest due the mother.
The parties’ requests for an attorney fee on appeal are denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.