Carolyn Denise Hackworth and Kenny Hackworth were divorced in 1986. The divorce judgment provided, among other things, that the husband would pay $60 weekly in child support for their three minor children. In September 1996, the wife petitioned the trial court to hold the husband in contempt for his failure to pay child support, and she requested that the trial court determine the amount of the child-support arrearage. Following the presentation of ore tenus evidence, the trial court found that the husband's child-support arrearage was $10,000. The wife filed a post-judgment motion seeking interest on the arrearage and seeking a recalculation of the arrearage amount. The trial court denied the post-judgment motion.
The wife appeals, arguing that the trial court erred in calculating the child-support arrearage because, she says, (1) its calculation is not supported by the evidence; and (2) it failed to award interest on the arrearage.
The wife sought an arrearage of over $50,000. The trial court awarded her a $10,000 arrearage. The wife argues that the $10,000 award is inconsistent with the evidence. The determination of the amount of a child-support arrearage, and the allowance of a credit toward that *Page 1117 
amount, are within the discretion of the trial court, and absent a showing of an abuse of discretion, the trial court's judgment on those matters will not be reversed. Kuhn v. Kuhn, 706 So.2d 1275 (Ala.Civ.App. 1997).
The divorce judgment required the husband to pay $60 per week in child support. The wife testified that the husband paid only a few hundred dollars in some years and that in other years he paid no child support at all. The husband testified that he missed only a few payments during a few years and that he had eventually caught up on those missed payments as well. The wife testified that she did not keep records of the husband's payments, and the husband testified that most of his records were destroyed in a fire. We conclude that the wife has failed to show that the finding of a $10,000 arrearage is inconsistent with the evidence.
The wife requested during the hearing and in her post-judgment motion that the trial court award interest on the arrearage. The failure to award interest, when properly requested, on a child-support arrearage is reversible error.State Dep't of Human Resources ex rel. McGhee v. McGhee,634 So.2d 573 (Ala.Civ.App. 1994). "[A]n order to pay child support is a final judgment as of the date due." State Dep't of HumanResources ex rel. Laro v. Gray, 644 So.2d 21, 22 (Ala.Civ.App. 1994) (emphasis added). The wife presented evidence indicating that the husband had missed several payments each year; however, the wife presented no evidence indicating which weekly payments the husband did not make. The trial court also had no evidence from which it could determine the due dates of those missed payments. The trial court did not err in failing to award interest, because the trial court had no evidence from which to determine which payments the husband had made and which he had not made. Therefore, the trial court had no evidence before it on which it could calculate the amount of interest due.
The trial court's judgment is affirmed.
AFFIRMED.
Yates and Thompson, JJ., concur.
Robertson, P.J., and Monroe, J., concur in the result.