CRAWLEY, Judge.
This case requires us to decide whether Rule 32(B)(6), Ala. R. Jud. Admin., allows a trial court to reduce an obligor’s child-support payment to his two minor children by deducting from the obligor’s gross monthly income the amount he has been ordered to pay on arrears in a child-support judgment for another child, when the other “child” had reached the age of majority five years earlier.
Joy M. Daw and Tommy Wayne Daw were married in 1977 and were divorced in 1995. Two children were born of the marriage. The trial court awarded custody of the children to the mother and ordered the father to pay $664.56 per month in child support, At the time of the parties’ divorce, the father had another child by a prior marriage for whom he had been ordered to pay child support.
The father has been consistently delinquent in his child-support payments for all three children. The mother of the two children who are the subjects of the present appeal applied for and received public assistance from the State Department of Human Resources (“DHR”).
In April 1998, the father filed a petition to modify his child-support obligation. DHR answered and filed a contempt petition, alleging that the father was in arrears in his child-support obligation in the amount of $20,655.72, plus interest. On November 25, 1998, the trial court entered a judgment finding the father in contempt and determining, among other things, that his child-support arrearage in regard to the two children was $27,279.03. The court ordered the father to pay $25 per month toward the arrearage and reduced the father’s monthly child-support obligation to $387. The trial court arrived at the $387 figure by first deducting from the father’s gross monthly income $75, the amount the father had been ordered to pay on an arrearage due for the support of his other child. At the hearing in this case, all parties agreed that the other “child” was *1133 24 years old and had been emancipated for 5 years.
DHR argued below, and now maintains on appeal, that the trial court erred by deducting from the father’s income the amount he had been ordered to pay on the arrearage in the support of the other child. DHR claims that the deduction reflects a misapplication of Rule 32(B)(6). That rule states:
“The amount of child support actually being paid by a parent pursuant to an order for support of other children shall be deducted from that parent’s ‘gross income.’ If a parent is legally responsible for and is actually providing support for other children, but not pursuant to an order of support, a deduction for an ‘imputed preexisting child support obligation’ may be made from that parent’s gross income. The imputed preexisting child support obligation shall be that amount specified in the schedule of basic child support obligations based on that parent’s unadjusted gross income and the number of other children for whom that parent is legally responsible. ‘Other children’ means children who are not the subject of the particular child support determination being made. If the proceeding is one to modify an existing award of support, no deduction should be made for other children bom or adopted after the initial award of support was entered, except for support paid pursuant to another order of support.”
(Emphasis added.)
DHR maintains that the purpose of the deduction-from-income provision in Rule 32(B)(6) is to allow a child-support obligor credit for the amount he has been ordered to pay, and is actually paying, for the support of another child. DHR argues that the rule does not allow a deduction in this case, for three reasons. First, DHR says, a payment toward an arrearage cannot be deemed “support” because it merely reduces the obligor’s liability for a delinquent obligation and does not satisfy a current obligation. Second, DHR claims that reducing the father’s income by the amount of his arrearage payment will benefit the mother in the other case and harm the children in this case.[1] It argues that an arrearage payment to the mother of a 24-year-old emancipated adult cannot be deemed to be support for a “child.” Third, DHR says, giving the father any credit for the amount of his arrearage in another ease is inequitable because it rewards the father for failing to fulfill his support obligations.
The issue is one of first impression in Alabama. So far as we have been able to determine, the question has not been presented in any other jurisdiction with child-support guidelines similar to Alabama’s. DHR’s arguments are persuasive, and we commend them for consideration by the appropriate committee charged by our supreme court with revision of the Child Support Guidelines. Nevertheless, until such a revision is made, we are compelled to construe the Guidelines according to existing precedent and in conformity with current experience.
As a matter of precedent, we can find no distinction between the deference that should be given a court order for current child support and a court order for payment of an arrearage in child support. “It is well settled that child-support obligations become final judgments on the date due and that it is beyond the court’s power to forgive an accrued arrearage.” Ullrich v. Ullrich, 736 So.2d 639, 642 (Ala.Civ.App.1999). A child-support arrearage “may be collected as any other judgment is *1134 collected.” State Dep’t of Human Resources ex rel. McGhee v. McGhee, 634 So.2d 573, 574 (Ala.Civ.App.1994) (reversing a judgment that failed to impose interest on a child-support arrearage). As a matter of experience and practicality, we conclude that it would be counterproductive to deny an obligor who is habitually delinquent in his child-support payments credit for his court-ordered payments on an arrearage in another case.
The judgment of the Mobile Circuit Court is affirmed.
AFFIRMED.
MONROE, J., concurs.
ROBERTSON, P.J., and Yates, J., concur in the result.
THOMPSON, J., dissents.

. The record contains no evidence indicating what, if any, effect a reduction in the father’s child-support obligation will have on the amount of public assistance the mother in this case is receiving from DHR.