In its opinion in this case, the Court of Civil Appeals stated: "This case requires us to decide whether Rule 32(B)(6), *Page 1136 
Ala. R. Jud. Admin., allows a trial court to reduce an obligor's child-support payment to his two minor children by deducting from the obligor's gross monthly income the amount he has been ordered to pay on arrears in a child-support judgment for another child, when the other `child' had reached the age of majority five years earlier." State exrel. Daw v. Daw, 786 So.2d 1131, 1132 (Ala.Civ.App. 2000). The trial court reduced the obligor's child-support obligation payable to the two minors in the present case by deducting from the obligor's gross monthly income the amount he had been ordered to pay on an arrearage due for the support of his other child, who, by that time, had reached the age of majority. The Court of Civil Appeals, with one Judge dissenting, held that an arrearage constitutes a preexisting child-support obligation and affirmed the trial court's judgment allowing a deduction in the amount of such an arrearage in determining the obligor's gross income.
We granted certiorari review to determine whether an obligation relating to a child-support arrearage is considered a "preexisting child support obligation," as that term is used in Rule 32(B)(6), Ala. R. Jud. Admin. After carefully reviewing this question and the arguments presented, we conclude that the Court of Civil Appeals erred in affirming the judgment of the trial court. Consequently, we reverse and remand.
 Facts and Procedural History
The basic facts involved in this dispute are not controverted. They are set out in the opinion of the Court of Civil Appeals, but we elect to set them out again here.
Joy M. Daw and Tommy Wayne Daw were married in 1977 and were divorced in 1995. Two children were born of the marriage. In the divorce judgment, the court awarded Joy custody of the two children and ordered Tommy to pay $664.56 per month in child support.
At the time of this divorce, Tommy already had a child from a previous marriage, for whom he also owed child-support obligations. He was habitually delinquent with his child-support payments for all three children.
In April 1998, Tommy petitioned the trial court to modify his child-support obligation resulting from his 1995 divorce. The Department of Human Resources ("DHR") responded by filing a contempt petition, alleging that Tommy had accrued an arrearage of $20,655.72, plus interest. On November 25, 1998, the trial court entered a judgment finding Tommy in contempt, and it determined, among other things, that he had accrued a total financial obligation of $27,279.03 for his two children from his marriage to Joy. The court ordered him to pay $25 per month toward the arrearage, but reduced his monthly child-support obligation to $387. The trial court arrived at the $387 figure by deducting $75 from Tommy's monthly gross income — the $75 being the amount Tommy had been ordered to pay on an arrearage due for his first child, who was 24 years old and had been emancipated for 5 years — and then applying the Child Support Guidelines of Rule 32, Ala. R. Jud. Admin.
 Discussion
Because this case ultimately depends on the application of Rule 32(B)(6), we begin by examining the provisions of that rule. In doing so, we are mindful that rules and statutes relating to the same subject matter must be read in pari materia, thus allowing for legal harmony where possible. Burlington Northern R.R. v. Whitt, 611 So.2d 219, 222
(Ala. 1992). In the area of child support, the Legislature has declared that "[the Child Support Act *Page 1137 
should] be construed and administered to the end that children shall be maintained from the resources of the responsible parents," § 38-10-11, Ala. Code 1975; this is a goal stated in the Committee Comments to Rule 32(B)(6). See the Comment to Rule 32, Ala. R. Jud. Admin. ("The guidelines [provided by Rule 32] will provide an adequate standard support for children, subject to the ability of their parents to pay, and will make awards more equitable by ensuring more consistent treatment of persons in similar circumstances."). In our opinion, this Court is obligated to construe Rule 32(B)(6) in favor of protecting the welfare of the children involved in child-support cases. Cf. Waltman v.Waltman, 480 So.2d 594, 597 (Ala.Civ.App. 1985) (stating that provisions relating to child support "are to be construed liberally for the welfare of the children").
In construing rules of court, this Court has applied the rules of construction applicable to statutes. See Ex parte Oswalt, 686 So.2d 368
(Ala. 1996). With these principles in mind, we now consider the intent and purpose of Rule 32(B)(6), which states: "The amount of child support actually being paid by a parent pursuant to an order for support of other children shall be deducted from that parent's `gross income.'" Clearly, this rule allows, in the court's determination of gross income, a deduction to a parent for a prior child-support obligation if that obligation is pursuant to "an order for support." The rule, however, also allows a deduction to parents in instances where there has been a settlement in place of an order. See Rule 32(B)(6), Ala. R. Jud. Admin. ("If a parent is legally responsible for and is actually providing support for other children, but not pursuant to an order of support, a deduction for an `imputed preexisting child support obligation' may be made from that parent's gross income."). The common thread that runs throughout Rule 32(B)(6) is that in the computation of a new child-support obligation a deduction is allowed in the amount of any previous child-support obligations. The question presented by this appeal, however, is whether the term "child-support obligation" includes a child-support arrearage.
We conclude that the term "child-support obligation," as it is used in Rule 32(B)(6), does not encompass a child-support arrearage. A child-support obligation is based on the court's expectation that the obligor will pay in accordance with the court's established schedule. A delinquent child-support obligation, however, receives different treatment. It is clear that "child support payments become final judgments on the day they are due." Ex parte State ex rel. Lamon,702 So.2d 449, 450 (Ala. 1997); see also State v. Handley, 628 So.2d 726,727 (Ala.Civ.App. 1993); Grogan v. Grogan, 608 So.2d 397, 398
(Ala.Civ.App. 1992); Hardy v. Hardy, 600 So.2d 1013, 1015 (Ala.Civ.App. 1992); Foster v. Foster, 571 So.2d 1219, 1220 (Ala.Civ.App. 1990); andO'Neal v. O'Neal, 532 So.2d 649, 650 (Ala.Civ.App. 1988). Thus, the character of the obligation changes once it becomes delinquent, because the fact of the delinquency causes the party to whom the debt is owed to become a judgment creditor, a creditor who may then pursue the typical means of collection that are available to the holder of any judgment. Exparte State ex rel. Lamon, 702 So.2d at 450. Therefore, a delinquent payment constitutes a legal liability of the obligor, while a child-support obligation is only an expectation that the obligor will make a payment in the future. Although the mother of Tommy's oldest child was deprived of Tommy's assistance during the child's minority, and although she has every right to be paid for the amount, plus interest, that Tommy was *Page 1138 
ordered to pay for the support of that child and did not pay, payments on that judgment should not be used to lower the amount he is obligated to provide as support for his two minor children. Consequently, we hold that a past-due child-support payment is not to be treated the same as a preexisting child-support obligation, and we conclude that the trial court improperly allowed Tommy a deduction for his past-due child-support payment for his oldest child when it was computing his "gross income" for purposes of determining his child-support obligation for his two children by Joy. We firmly believe that neither the Legislature, nor this Court when it adopted Rule 32(B)(6), intended to allow an obligor's payments on an arrearage accrued in regard to an earlier-imposed child-support obligation to be used to reduce the amount he is obligated to pay in child support for his minor children.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, SEE, LYONS, and BROWN, JJ., concur.
JOHNSTONE and ENGLAND, JJ., dissent.