MURDOCK, Judge,
concurring in the result in part and dissenting in part.
The two pertinent statutes under review are §§ 30-3-61(a) and 30-3-60(8), Ala. Code 1975. Section 30-3-61(a) provides:
“Any ... original decree, judgment, or order issued by a court of this state for the payment of support, any decree or judgment entered pursuant to a petition to modify an original decree or award of support, any decree or judgment of contempt of court for failure to pay support as previously ordered by a court of this state, or any decree or judgment for criminal or civil nonsupport shall include as a separate section a withholding order ... directing any employer of the obligor to withhold and pay over to the clerk of the court or the Department of Human Resources, or its designee, whichever is appropriate, out of income due or to become due the obligor at each pay period, an amount ordered to be paid for support. The withholding order shall not under any circumstances be waived by mutual agreement of the parties to the case.”
*782 (Emphasis added.) Section 30-8-60(8) defines the terms “support” and “support order” as follows:
“Support of a minor child and spousal support when such spousal support is collected by the Department of Human Resources or the department’s designee pursuant to the requirements of Title IV-D of the Social Security Act. Support order shall mean any order, decree or- judgment for the support of a child....”
In this case, the trial court entered a support order under § 30-3-60(8), Ala. Code 1975, in April 1986, when it directed the father to pay the mother $100 every two weeks for the support of the parties’ minor child. On May 18, 2000, after the child reached the age of majority, the trial court found that the father had failed to pay all of the support required under the earlier support order and ordered the payment of the overdue support, plus interest. The court entered an income withholding order pursuant to § 30-3-60(8), Ala. Code 1975.
The issue presented in this case is whether the provision in § 30-3-61(a) for an income-withholding order to enforce a judgment of “nonsupport” is triggered by the subject matter or purpose of a given judgment (i.e., the support of a minor child) or by the timing of the judgment (i.e., those judgments entered only while the child is still a minor). As a threshold matter, it may be noted that by its terms, § 30-3-61(a) is not restricted to judgments entered while the child is still a minor. Nor does § 30-3-61(a) or any other Code provision relating to the payment of support for minors mandate that income withholding orders are to be valid and enforceable only during the period of the minor’s dependency. Nor is there a requirement that an income-withholding order be dissolved when a minor reaches the age of majority. It also is instructive that § 30-3-60(8) provides that a “support order shall mean any order, decree or judgment for the support of a child,” without any reference to the minority of the child at the time of the order. In my view, therefore, § 30-3-61(a) plainly provides an enforcement mechanism for a qualifying child-support judgment without reference to the timing of that judgment. Whether a given judgment qualifies for this enforcement mechanism is instead a function of its subject matter. The purpose behind § 30-3-61(a) buttresses this interpretation.
This court held in Davenport v. Hood, 814 So.2d 268 (Ala.Civ.App.2000), that a judgment assessing a child-support arrear-age could be enforced via contempt sanctions even after the child for whom support had been ordered reached the age of majority. In so holding, we agreed with those jurisdictions that view child-support judgments as differing in nature from ordinary civil judgments, and as warranting enforcement by “more effective means,” because public policy requires parents to support their minor children. Moreover, we noted that to hold otherwise “would mean that a custodial parent who has shouldered the burden of supporting the children with little or no financial assistance from the noncustodial parent would be left with only the ability to subject the noncustodial parent’s property or wages to an execution of the arrearage judgment.” 814 So.2d at 275. The following passage from Davenport, quoting an opinion of the Florida Supreme Court, is particularly apposite:
“ ‘Upon emancipation of a minor child, the support-dependent parent is not magically reimbursed for personal funds spent nor debts incurred due to nonpayment of child support. Hardships suffered by a family do not disap *783 pear. A family's feelings of indignation from abandonment by the nonpaying parent or from past reliance on public assistance are not forgotten. Society’s interest in ensuring that a parent meets parental obligations must not be overlooked simply because the child has attained the age of majority. The support obligation does not cease; rather it remains unfulfilled. The nonpaying parent still owes the money.’ ”
814 So.2d at 275 (quoting Gibson v. Bennett, 561 So.2d 565, 572 (Fla.1990)).
In § 30 — 3—61(a), the Legislature made special provision for income withholding orders to enforce judgments of contempt for failure to pay support and civil-nonsupport judgments. In my view, the trial court’s May 18, 2000, judgment is a “judgment” for nonsupport under § 30-3-61(a), triggering the enforcement mechanism in that statute.[2] A contrary holding could place custodial parents, who have expended their own funds on behalf of their children out of necessity because of a lack of support payments during the children’s minority, into the same queue with noncustodial parents’ general creditors, such as banks and credit-card companies. Such a result would be at odds with the Legislature’s intent to provide a more effective collection technique for child support. Moreover, a contrary holding would directly encourage such nonpaying parents to engage in conduct to delay collection efforts until the children reach majority so that only 25 percent of their wages would be subject to withholding (see § 6-10-7, Ala.Code 1975).
The majority cites Ex parte State ex rel. Daw, 786 So.2d 1134 (Ala.2000), for the proposition that “one to whom a child-support arrearage is owed becomes a judgment creditor, who may then pursue the typical means of collection that are available to the holder of any judgment.” 786 So.2d at 1137. However, while the majority correctly quotes from the Alabama Supreme Court’s opinion in that case, it is important to note that Daw does not address whether a party who is owed a child-support arrearage must pursue only “typical means of collection.” Indeed, given the breadth of § 30-3-61(a), and its mandatory language, the Legislature envisions that practically every award of child-support and every judgment enforcing such an award shall be accompanied by an income-withholding order, an enforcement mechanism that goes beyond the scope of “typical” collection means.
This court held in Davenport that to preclude a custodial parent from using an additional and more effective enforcement mechanism after a child has reached the age of majority would have an undesirable result. It would allow some protection for a parent who fails to meet his or her court-ordered child-support obligation during the minority of the child. Therefore, this court held that although a child-support payment may be collected in the same manner as any other judgment, such a judgment may also be enforced using the equitable contempt powers of the court, even after the child is no longer a minor. Davenport, 814 So.2d at 276. In my opinion, the Legislature intended the same *784 with respect to the enforcement mechanism provided in § 30-3-61(a).
I conclude that the trial court correctly-issued an income-withholding order as to-its May 18, 2000, judgment. Therefore, I respectfully dissent from the majority’s reversal as to that order. As to the remainder of the issues raised by the father on appeal, I concur in the result to affirm.

. Neither § 30-3-60 nor § 30-3-61 define the term ''nonsupport.” However, the Legislature plainly intended that "wonsupport” would mean the absence of "support,” i.e., the failure or refusal to pay "support” or to comply with a "support order,” as defined by § 30-3-60(8). Cf. § 13A-13-4, Ala.Code 1975 (defining crime of nonsupport as one’s intentional failure, despite knowledge of a legal obligation to provide support and the ability to provide support, to supporfa child less than 19 years of age). Here, the trial court entered a judgment in a civil, not a criminal, action in which it found that the father had failed to pay the support he was required to pay under the 1986 judgment.