THOMPSON, Judge.
Rita J. Lewis (“the mother”) and Gaines L. Davis, Jr. (“the father”), are the parents of Gregory M. Davis (“the child”). On November 13, 2000, the State of Alabama, on behalf of the mother (hereinafter “the State”), filed a complaint for nonpayment of child support, alleging that the father owed a child-support arrearage of $10,400.72, plus interest of $14,568.67. On March 13, 2001, the father answered the State’s petition.
On June 26, 2001, the trial court conducted an ore tenus hearing on the State’s petition. On the same day, the trial court entered a judgment finding the father’s total child-support arrearage to be $2,000. *1020 The trial court did not assess interest on the arrearage, but ordered him to pay $100 per month toward the arrearage.
On July 3, 2001, the State filed a post-judgment motion requesting that the trial court assess interest on the father’s child-support arrearage. On September 27, 2001, the trial court, following a hearing on the State’s postjudgment motion, entered an order setting aside its June 26, 2001, judgment. The trial court’s September 27, 2001, order states, in pertinent part:
“The [trial] court, having reconsidered the evidence presented in open court on June 26, 2001, and the arguments of counsel at the hearing on the motion on August 21, 2001, finds that the original judgment entered herein should be set aside because the [State] failed to meet the burden of proof required for the entry of said judgment. Accordingly, it is hereby ordered, adjudged, and decreed that the judgment entered in this cause on June 26, 2001, is hereby set aside and held for naught. Judgment is hereby entered in favor of the [father], with costs taxed as paid.”
The State appealed.
At the time of the hearing in this matter, the child was 24 years old. The father testified that the mother informed him that it was more convenient for him to pay child support directly to her, rather than through the trial court. Donna Davis, the father’s current wife, testified that she personally delivered child-support payments to the mother. The father testified that he had saved his child-support receipts in a shoe box, but that, after the child reached the age of emancipation, he destroyed the receipts because he did not think he needed them. The father admitted that “[t]here were some months I probably missed [paying child support]. I’m not going to lie to you.” He also testified, “I would say [I was] maybe $2,000 behind, if anything. I would agree to that.”
The mother testified that the father had made some child-support payments directly to her, but that he had not paid more than $1,500 since the child was three or four years old. The mother testified that she delayed pursuing enforcement of the father’s child-support arrearage because “[i]t was easier to let things go because there were so many problems continuously.”
The State argues that the trial court committed reversible error when it set aside its June 26, 2001, judgment. A trial court’s judgment determining an amount of a child-support arrearage will not be reversed unless the trial court abused its discretion. W.L.S. v. K.S.S.V., 810 So.2d 777 (Ala.Civ.App.2001) (citing Brown v. Brown, 513 So.2d 617 (Ala.Civ.App.1987)). During the June 26, 2001, hearing, the State alleged that the father owed a total child-support arrearage, including interest, of $24,334.78.[1] The father admitted that he had not paid “some” of the child-support payments on the dates they were due and that those payments had matured into a $2,000 debt. The trial court cannot change or modify the child-support arrearage to which the father admitted. See W.L.S. v. K.S.S.V., supra. We, therefore, conclude that the trial court erred in refusing to require the husband to pay the child-support arrearage he admitted he owed.
The State also argues that the trial court abused its discretion by denying its postjudgment motion seeking an award of interest on the father’s child-support *1021 arrearage. This court must determine whether the trial court abused its discretion in denying a postjudgment motion. Albertson v. Albertson, 678 So.2d 118 (Ala.Civ.App.1995). We may reverse a trial court’s denial of a postjudgment motion where the trial court commits plain and palpable error and where a legal right has been abused. Coker v. Farmers Mut. Exch., 425 So.2d 489 (Ala.Civ.App.1983). A trial court commits reversible error when it does not assess interest that has been properly requested on a child-support arrearage. State Dep’t of Human Res. ex rel. McGhee v. McGhee, 634 So.2d 573 (Ala.Civ.App.1994). In addition, a trial court cannot waive postjudgment interest on a child-support arrearage. State Dep’t of Human Res. v. R.L.R., 743 So.2d 495 (Ala.Civ.App.1999).
On more than one occasion, the State requested that the trial court impose interest on the father’s child-support ar-rearage. Therefore, because we find the father owed a child-support arrearage and that the State properly requested that interest be imposed on that arrearage, we conclude that the trial court erred in denying the State’s postjudgment motion. See State Dep’t of Human Res. v. R.L.R., supra; State Dep’t of Human Res. ex rel. McGhee v. McGhee, supra.
Accordingly, the trial court’s judgment is reversed, and the cause is remanded with instructions for the trial court to enter an order consistent with this opinion.
The appellant filed a motion to strike a portion of the appellee’s brief; that motion is denied.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.

. We note that this amount is more than the amount of the arrearage and interest alleged in the complaint to be owed.