945 So.2d 463 (2005)
C.H.
v.
STATE of Alabama.
2040683.
Court of Civil Appeals of Alabama.
December 16, 2005.
Rehearing Denied January 27, 2006.
Certiorari Denied June 9, 2006.
*464 Tobie J. Smith, Legal Aid Society of Birmingham, Birmingham, for appellant.
Submitted on appellant's brief only.
Alabama Supreme Court 1050605.
THOMPSON, Judge.
On January 19, 2005, Jo Hollins, the attendance officer for the Birmingham City Board of Education, filed in the Jefferson Juvenile Court a verified complaint charging that C.H., a 14-year-old boy in the eighth grade, was a child in need of supervision ("CHINS") because he had been habitually truant, accumulating 10 absences and 2 tardies from school without providing a legitimate excuse. C.H. entered a plea of "not true" and the juvenile court set the case for a final hearing. After receiving ore tenus evidence, the juvenile court entered an order finding the allegations in the complaint to be "true," adjudicating C.H. a CHINS, and placing C.H. on probation. C.H. timely appealed.
The limited testimony presented at the final hearing consisted of the testimony of Angela Lee, an attendance officer for the Birmingham city school system, and D.H., C.H.'s mother. It is worthy of note that D.H. consistently asserted her Fifth Amendment right against self-incrimination during her short time on the witness stand.[1]
The evidence presented at the hearing established that C.H. had been late to school on 2 occasions and absent from school on 10 occasions from September 2004 to December 2004. A computer printout of C.H.'s attendance record admitted into evidence at the hearing revealed that the tardies and absences on C.H.'s school record at the time the complaint was filed were all unexcused. C.H. never submitted an excuse to the school for his absences; no written excuses are contained in his school records.
Lee testified that the attendance policy adopted by the Birmingham city school system provided for the prosecution of a child over 12 years of age. Lee explained that if the child were under the age of 12, the Birmingham city school system's policy is to hold the parent responsible.
Lee testified that the attendance of students in Birmingham city schools is monitored with the help of an "automated school map system." According to Lee, this system allows homeroom teachers to track a student's daily attendance using a computer program. Lee testified that the computer automatically marks the child *465 present and that the teacher must manually mark the child as absent. Lee testified that if a student is tardy, the student must report to the school's office, and the absence is changed to reflect a tardy.
Lee testified that another attendance officer met with C.H. regarding his absences but that there was no improvement. According to Lee, C.H. was referred to an "Early Warning" program on November 18, 2004, after receiving six unexcused absences and two tardies. Lee testified that C.H. and D.H. were notified by mail and by telephone of C.H.'s referral to the "Early Warning" program but that neither C.H. nor D.H. attended the program. C.H.'s attendance record reveals that he was absent from school four more times without excuse after he and D.H. failed to attend the "Early Warning" program.
"When ore tenus evidence is presented, a presumption of correctness exists as to the trial court's findings on issues of fact; its judgment based on these findings of fact will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. J & M Bail Bonding Co. v. Hayes, 748 So.2d 198 (Ala.1999); Gaston v. Ames, 514 So.2d 877 (Ala.1987). . . . Moreover, `[u]nder the ore tenus rule, the trial court's judgment and all implicit findings necessary to support it carry a presumption of correctness.' Transamerica [Commercial Fin. Corp. v. AmSouth Bank], 608 So.2d [375] at 378 [(Ala.1992)]. However, when the trial court improperly applies the law to facts, no presumption of correctness exists as to the trial court's judgment. Allstate Ins. Co. v. Skelton, 675 So.2d 377 (Ala.1996); Marvin's, Inc. v. Robertson, 608 So.2d 391 (Ala.1992); Gaston, 514 So.2d at 878; Smith v. Style Advertising, Inc., 470 So.2d 1194 (Ala.1985); League v. McDonald, 355 So.2d 695 (Ala.1978). `Questions of law are not subject to the ore tenus standard of review.' Reed v. Board of Trustees for Alabama State Univ., 778 So.2d 791, 793 n. 2 (Ala.2000). A trial court's conclusions on legal issues carry no presumption of correctness on appeal. Ex parte Cash, 624 So.2d 576, 577 (Ala.1993). This court reviews the application of law to facts de novo. Allstate, 675 So.2d at 379 (`[W]here the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the [trial] court's judgment carries no presumption of correctness.')."
City of Prattville v. Post, 831 So.2d 622, 627-28 (Ala.Civ.App.2002).
On appeal, C.H. contends that the State failed to produce sufficient evidence indicating that D.H., as C.H.'s parent, could not control the child, and, therefore, failed to produce sufficient evidence under § 16-28-14, Ala.Code 1975, indicating that C.H. was habitually truant. Section 16-28-14, Ala.Code 1975, provides, in its entirety, as follows:
"In case any child becomes an habitual truant, or because of irregular attendance or misconduct has become a menace to the best interest of the school which he is attending or should attend, and the parent, guardian or other person files a written statement in court as provided in Section 16-28-13, stating that he is unable to control such child, the attendance officer must file a complaint before the judge of the juvenile court of the county, alleging the facts, whereupon such child must be proceeded against in the juvenile court for the purpose of ascertaining whether such child is a dependent, neglected or delinquent child."
*466 C.H. maintains on appeal that under § 16-28-14 the State had to prove that C.H.'s parent, D.H., could not control him before he could be found to be a CHINS on the basis of habitual truancy. According to C.H., § 16-28-14 places the legal responsibility for a child's failure to attend school on his or her parent. As best we are able to determine, C.H. asserts that the State improperly prosecuted him instead of D.H. for his failure to attend school.[2]
C.H. correctly notes that there is no Alabama caselaw addressing this issue, but, nevertheless, he maintains that the plain language found in § 16-28-14 mandates reversal under the circumstances of this case. Relating to the rules of statutory construction, this court, in W.L.S. v. K.S.S.V., 810 So.2d 777 (Ala.Civ.App.2001), stated:
"In construing a statute, this court looks to the plain meaning of the words used by the Legislature. Our supreme court has said:
"`"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."'
"Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998)(quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)).
"`It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers.'
"DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala. 1998)."
W.L.S., 810 So.2d at 779.
Under the plain language of § 16-28-14, an attendance officer is required to file a complaint in the juvenile court when the child becomes an habitual truant and the parent files a written statement in open court saying that they are unable to control the child. Contrary to C.H.'s contention on appeal, § 16-28-14 merely places an affirmative duty on an attendance officer to file a complaint when the circumstances cited above are met. The State is not required under § 16-28-14 to present evidence of a parent's inability to control his or her child before the State may proceed with an action in the juvenile court to find a child to be a CHINS on the basis of habitual truancy as defined in § 12-15-1(4)a., Ala.Code 1975. Therefore, C.H. failed to demonstrate error as to this issue.
C.H. further argues on appeal that, regardless of the application of § 16-28-14 to the facts of this case, the State failed to establish that he was "habitually truant" because, he argues, the State presented insufficient evidence indicating that he refused to attend school and acted against the will of his parent, D.H. Section 12-15-1(4), Ala.Code 1975, defines a "child in *467 need of supervision" as, among other things, one who "[b]eing subject to compulsory school attendance, is habitually truant from school." § 12-15-1(4)a.
"At a hearing on a CHINS petition, the State must first establish, by `proof beyond a reasonable doubt, based upon competent, material, and relevant evidence, that a child committed the acts by reason of which the child is alleged to be . . . in need of supervision.' § 12-15-65(e). . . . If the juvenile court determines that the child committed the acts alleged, the juvenile court `may proceed immediately to hear evidence as to whether the child is in need of care or rehabilitation.' Id.

"Once the predicate act or `offense' has been established by proof beyond a reasonable doubt. . . . [t]he State must establish, by `clear and convincing evidence, competent, material, and relevant in nature, that the child is . . . in need of care or rehabilitation as a . . . child in need of supervision.' § 12-15-65(f), Ala. Code 1975. . . . "
S.H. v. State, 868 So.2d 1110, 1112-13 (Ala.Civ.App.2003)(emphasis omitted).
As discussed above, we do not agree with C.H.'s contention on appeal that the State was required to present evidence indicating that C.H. acted against the will of D.H. or, stated another way, that D.H. could not control C.H. before the juvenile court could adjudicate C.H. to be a CHINS because of his truancy. The undisputed evidence presented by the State in this case established that C.H. had been absent from school on 10 occasions and tardy on 2 occasions without providing the school with an excuse. Therefore, we cannot say that the State failed to present evidence from which the juvenile court could determine C.H. to be habitually truant.
AFFIRMED.
CRAWLEY, P.J., and PITTMAN, J., concur.
MURDOCK and BRYAN, JJ., concur in the result, without writing.
NOTES
[1] The record indicates that before the final hearing began, the juvenile court apprised D.H. of her Fifth Amendment rights and appointed an attorney to represent her.
[2] There is no indication in the record that a complaint was ever filed by the State against D.H. based on C.H.'s lack of attendance at school.