I read § 30-3-60(8), Ala. Code 1975, as explaining that the term "support" means payments applicable to the costs and expenses associated with the maintenance and rearing of a child during their minority and a "support order" as an order providing for such support. The fact that such support is not collected until after the child reaches the age of majority does not in my reading of § 30-3-60(8) take the support or the support order out from under the ambit of § 30-3-60(8). The purpose of support payments made after a child reaches the age of majority may still relate to the costs and expenses of maintaining and raising that child during his or her minority. The fact that the custodial parent was forced to "advance" such expenses during the minority of the child and then seek reimbursement for them after the child reaches the age of majority does not make such resulting payments from the noncustodial parent any less applicable in the eyes of the law to the maintenance and rearing of the child when he or she was a minor. For this reason, I dissented in W.L.S. v. K.S.S.V., 810 So.2d 777
(Ala.Civ.App. 2001), and I adopt herein the further analysis of this issue set forth in that dissenting opinion. See W.L.S.,810 So.2d at 781-84 (Murdock, J., concurring in the result in part and dissenting in part).
My difference with the main opinion in W.L.S., however, does not bear on the appropriate result in the present case. Indeed, the present case merely serves to highlight the distinction I attempted to draw in my dissenting opinion in W.L.S. Specifically, unlike W.L.S., the present case involves support payments applicable to the college expenses of a non-minor child; W.L.S.
involved support payments, even though collected after the child became an adult, applicable to the rearing of that child when he or she was a minor. I therefore find the holding ofW.L.S., as well as the issue of disagreement between *Page 1261 
myself and the remainder of the court in that case, to be inapposite here.
I concur in the result in the present case because the support payments at issue are applicable to costs and expenses related to the education of a non-minor and therefore do not constitute "support" within the meaning of that term intended by the Legislature in § 30-3-60(8).